SEYMOUR PURYEAR, claimant, plaintiff in error, vs. THOMAS C. NISBET, plaintiff in *fi. :fa.*, defendant in error.

The lien of a machinist for machinery furnished for a mill, &c., must be enforced according to the provisions of the Act of 1834, as extended by the Act of 1854; and not those of 1841, as extended by the Act of 1852.

Machinist's Lien and Claim, from Henry county. Tried before Judge CABANISS, at October Term, 1858.

This case was heard upon the following agreed statement of facts:

Thomas C. Nisbet, the plaintiff in execution, is a machinist, and on the 25th April, 1855, he furnished to Austin C. Miller, the articles mentioned in his pleadings. Nisbet, on the 5th March, 1856, made affidavit before the honorable G. J. Green, the then Judge of the Superior Court of the Flint District, of the amount due to him from Miller, for said articles, as provided by statute in such cases made and provided: That on the said 5th March, 1856, said Judge granted an order, directing the Clerk of the Superior Court to enter up judgment in favor of Nisbet against Miller, and the articles of machinery specified in his affidavit, for the amount sworn to be due, and unpaid; that the Clerk entered judgment as directed on the 14th March, 1856, and issued execution thereon, 19th March, 1856, which was levied on the machinery therein mentioned, on the 3d April, 1856. That a personal demand for the amount due was made of defendant before the filing of plaintiff's affidavit and petition, and payment refused. That the claim of Nisbet was not recorded until his affidavit and petition were filed, as aforesaid, and a short time previous thereto, the claimant, Puryear, who is a brother-in-law of defendant, purchased the mill and premises on which it was situated, without notice of plaintiff's lien, and that he is still in possession of the same.

The Court below upon this state of facts, charged the jury,

that if the plaintiff made a demand of defendant for the amount due for the machinery furnished to him, and put up in his mill, who refused payment, and plaintiff commenced his proceedings to recover the same, within twelve months after said demand became due, then the machinery was liable to the execution of plaintiff, notwithstanding claimant purchased without notice of his lien.

The jury found the property subject to the execution. Whereupon, claimant excepted and assigned as error the aforesaid charge of the Court.

L. T. DOYAL, for plaintiff in error.

ALFORD, contra.

By the Court.—LUMPKIN J. delivering the opinion.

This was a proceeding to enforce a machinist's lien for machinery furnished by him for a mill. And the question is, under what statute the case falls? The Act of 1841, (Cobb, 426,) as extended by the Act of 1852, (Pamphlet, 237;) or the Act of 1834, (Cobb 555,) as extended by the Act of 1854, (Pamphlet, 45.) Both sets of these Acts embrace the subject matter of the suit.

By the former two Acts, the machinist had to enforce his lien within twelve months; and a summary proceeding is given for that purpose. By the two latter Acts, the machinist must record his lien within three months, and enforce it within twelve months. In this case, the creditor adopted the former remedy. And not having recorded his lien, after the expiration of three months, the machinery which he supplied, was bought by a third person, having no knowledge of his lien. Did the creditor lose his lien by failing to record? We think the Act of 1834, as extended by the Act of 1854, must control the case. It is the last law upon the subject; and is inconsistent with the provisions of the previous Acts.

It is more complete in itself, and more in accordance with the spirit of our mortgage Acts, and if the purchase in this case be *bona fide*, it must displace the plaintiff's lien.

Judgment reversed.