Webster & Mann *vs.* Curry.

---

WEBSTER & MANN, plaintiffs in error, vs. R. F. CURRY, defendant in error.

1. A machinist's lien must be enforced under the Act of 1834, (Cobb, 555,) as extended by the Act of 1854, (Pamphlet Laws, 45,) providing for mechanics' liens, and not under the Act of 1841, (Cobb, 426,) as extended by the Act of 1852, (Pamphlet Laws, 237.)

Levy and claim, in Catoosa Superior Court. Decided by Hon. DAWSON A. WALKER, at the November Term, 1860.

The question in this case springs out of the following state of facts, to-wit:

Webster & Mann *vs.* Curry.

On the 25th of September, 1858, Webster & Mann, who were professional and practical machinists, furnished and delivered to T. B. Wooten & Co., partners in the milling business, an engine and boiler, with appurtenances, some gas pipe, boxes, pullies, shafts, and other items of machinery, for their mill, in said county, located near the town of Ringgold, on lot of land No. 155, near the Chickamauga river, the whole of which machinery was worth, according to the agreement of the parties, the sum of $3,017 92, besides interest. On the 23d of January, 1859, when the money became due, Webster & Mann demanded payment of the same, which was refused. On the 14th day of May, 1859, one of the firm of Webster & Mann made an affidavit of these facts before the Hon. Leander W. Crook, then presiding Judge of the Cherokee Circuit, upon which Judge Crook issued an order, directing the Clerk of the Superior Court of Catoosa county to enter up a judgment, in favor of the plaintiffs, against the defendants, and against the machinery specified, for the amount of the debt and costs, and to issue execution therefor, as directed by the statute in such case made and provided.

Pursuant to this order of the Judge, an execution was issued by the Clerk, on the 16th May, 1859, and on the 1st June, 1859, it was levied upon the steam mill, machinery and fixtures, specified in the execution as the property of defendant. Robert F. Curry interposed a claim to the property levied on, and the *fi. fa.* and claim were returned to the Superior Court, according to law.

After the testimony had closed on both sides, the presiding Judge dismissed the levy, on the ground, that a machinist must enforce his lien under the provisions of the Act of 1834, and not under the Act of 1841, as was sought to be done in this case. This decision is the error alleged.

H. J. SPRAYBERRY and L. W. CROOK, for plaintiffs in error.

McCONNELL & TRAMMELL, for defendant in error.

Sprayberry *vs.* Culberson.

*By the Court*—LUMPKIN, J., delivering the opinion.

The execution levied on the property in this case is to enforce a machinist's lien for machinery furnished a flouring mill.

It is taken out under the Act of 1841, (Cobb, 426,) as extended by the Act of 1852, (Pamphlet, 237,) to enforce liens against steamboats. It is contended that it should be brought under the Act of 1834, (Cobb, 555,) as extended by the Act of 1854, (Pamphlet, 45,) providing for mechanics' liens. And so this Court decided in the case of Penyear vs. Nesbit, (27 Ga. Rep., 515,) and for the reasons there given, we shall affirm the judgment of the Court below.

Let the judgment be affirmed.